The PEOPLE OF the STATE OF COLORADO and Connie McKee Ward, Appellants,

v.

Charles Albert COMSTOCK, Jr., Respondent.

No. WD 40933.

Missouri Court of Appeals, Western District.

May 23, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application to Transfer Denied Aug. 1, 1989.

Joe Moseley, Pros. Atty., Rosalynn Koch, Asst. Pros. Atty., Columbia, for appellants.

Daniel K. Atwill, Susan Ford Robertson, Columbia, for respondent.

Before KENNEDY, C.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

In February, 1980, the appellant, Connie Ward (wife) and Charles Comstock, Jr. (husband) were granted a divorce in Vernon County, Missouri. Custody of the parties' two children, then ages three and six years, was granted to the wife. The wife was awarded child support of $100.00 a month per child which was to abate during the time the husband pursued a college education. That abatement period, however, was not to exceed 24 months. Support payments were to be made through the circuit clerk's office.

On June 27, 1986, the appellant wife, now living in Colorado, filed this action in the Circuit Court of Boone County, Mis-

souri, the place of residence of the father, to collect past due child support. The trial court was not confronted by the question of current support. Due to the wife's new residence in Colorado, action was filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). Chapter 454, RSMo.1986.

The wife was not here to testify. Her evidence consisted of testimony by the husband, an adoption decree from the State of Colorado (the wife's present husband had adopted one of the children), and an alimony and child support record from the Circuit Court of Vernon County, Missouri. *See* § 454.430, RSMo.1986. This section makes the court clerk the trustee for payments. "The clerk shall keep an accurate record of such orders and such payments," and is to report to the state's division of child support enforcement. No evidence was submitted as to the exact amount of arrearage, although the wife did prepare an arrearage worksheet. The evidence showed the husband was current from 1980–1982, but then made few payments through 1986. He paid nothing for the year 1984. The trial judge entered an order in favor of the husband and awarded the wife nothing. Review of that decision is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decision will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.*

While the wife should have established the exact amount due, there was enough evidence before the trial court for it to have easily computed that some definite amount was overdue. The important variable here was the computation of the husband's time in college. Rather than allow the husband to totally escape all duty for support, § 454.010, the court should have declared the maximum abatement and subtracted that from the amount due over a long period of years when the husband had paid little or nothing. Therefore, this court must reverse the lower court's decision. The child support record from Vernon

County which was offered in evidence shows that from February 25, 1980 to May 31, 1986 the husband only paid to the wife $3,150.00. During that period, if he did not attend school, the husband would have been required to pay his wife $15,200.00. Giving the husband the benefit of the doubt, this court will assume he attended school for 24 months during that period. Thus, he would be allowed a deduction of $4,800.00. Therefore, he owes his ex-wife $7,250.00 in arrearage.

In the interest of judicial economy and to dispose of this case the court enters the judgment the trial court should have entered. Rule 84.14.

The judgment of the trial court is reversed. Judgment is entered in favor of plaintiffs and against Charles Comstock, Jr., in the amount of $7,250, with costs to be paid by Comstock.